UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROY ALLISON** ) | Case Number |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **PENNCRO ASSOCIATES, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Troy Allison, by and through his undersigned counsel, Brent Vullings of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Troy Allison, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in this district and the Defendant maintains a place of business in this district.

### III. PARTIES

4. Plaintiff, Troy Allison, is an adult natural person residing at 719 Belinder Lane, Unit 2215, Schaumburg, IL 60173.

5. Defendant, Penncro Associates, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Illinois and the Commonwealth of Pennsylvania with its principal place of business located at 95 James Way, Suite 113, Southampton, PA 18966.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Beginning in mid September 2008, Defendant began a barrage of harassing and abusive communications to Plaintiff's cell phone (773-895-6152), which is owned by Plaintiff's employer and used in the course of Plaintiff's duties to his employer.

8. Plaintiff has received over 200 calls from Defendant (866-779-9279) since the middle of September 2008. Plaintiff has repeatedly asked Defendant's agents to cease calling the phone provided to him by his employer.

9. Defendant, by and through its agents, has called Plaintiff a "deadbeat", refused to give Plaintiff any information regarding the alleged debt Defendant is

attempting to collect and threatened to file a lawsuit against Plaintiff if he did not relinquish his checking account information immediately.  Plaintiff has also been informed that Defendant will "destroy his credit, making it impossible to ever obtain credit again".

10. Defendant's agents never mini-mirandized Plaintiff.

11. Defendant failed to send Plaintiff the 30 day validation notice as required by Federal law.

12. To date, Defendant has not sued Plaintiff.

13. The Defendant acted in a false, deceptive misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 - FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692c(a)(1), c(a)(3), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(8), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Penncro Associates, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

        **Respectfully submitted,**

        **WARREN & VULLINGS, LLP**

**Date: December 12, 2008**  BY: **/s/Brent F. Vullings**
        Brent F. Vullings, Esq.
        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA  19111
        215-745-9800   Fax 215-745-7880
        Attorney for Plaintiff